IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Cecil Eric Fox,                              )
                                             )
               Plaintiff,                    )
                                             )     Civil Action No. 0:26-cv-62-BHH
v.                                           )
                                             )               **ORDER**
Emergency Medical Services; Prisma           )
Health (Richland); Mr. Lee Chang &           )
Business; Lee Chang; Wife Mrs. Chang,)
                                             )
               Defendants.                   )
_____ )

This matter is before the Court upon Plaintiff Cecil Eric Fox's ("Plaintiff") *pro se*

complaint against the above-named Defendants, wherein Plaintiff alleges violations of his

constitutional rights.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B),

D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On February 5, 2026, the Magistrate Judge issued a proper form order, giving

Plaintiff the opportunity to provide the necessary information and paperwork to bring his

case into proper form for evaluation and possible service of process.  Plaintiff was warned

that a failure to comply with the Court's directives would subject the case to dismissal.

(ECF No. 5.)

When Plaintiff failed to bring his case into proper form within the allotted time period,

the Magistrate Judge issued a report and recommendation ("Report"), on March 10, 2026,

outlining the issues and recommending that the Court dismiss this action without prejudice

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (ECF No. 9.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the

right to file written objections to the Report within fourteen days of being served with a

copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis**.  Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 9), and the Court dismisses this case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 2, 2026
Charleston, South Carolina